UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADAEZE NWOSU,

       *Plaintiff*,

  v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

       *Defendants*.

Civil Action No. 1:25-cv-00560 (CJN)

## ORDER

On February 25, 2025, Adaeze Nwosu, proceeding *pro se*, sued the Federal Bureau of Intelligence, the Department of Homeland Security, Scott Harris, Robert Meek, Yale University, Senator Chris Van Hollen, the United States of America, and The New York Times. ECF 1 at 1. She asserts six claims against these Defendants for "fraud" and "gross negligence." *See id.* at 2–10. Nwosu alleges, among other things, that Harris and Meek—both Supreme Court employees—mishandled her petition for a writ of certiorari in a separate case; that Yale admitted students like Harris "with a propensity to commit fraudulent, illegal and unconscionable acts"; that the FBI refused to stop this fraud; that DHS discriminated against her by revoking her visa; that the United States colluded with DHS to "stall" her case; that Senator Van Hollen failed to impeach "fraudulent and racist judges"; and that The New York Times refused to report on "racism against Blacks." *Id.* A little over a week after filing her complaint, Nwosu also filed a two-page motion for summary judgment asserting that her allegations were "not in dispute." ECF 3 at 1–2.

The New York Times and the government moved to dismiss Nwosu's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Times argues that the

First Amendment protects editorial decision-making and that Nwosu failed to state a plausible claim for false advertising, unfair business practices, and negligent representation. ECF 8-2. The government contends that the Court lacks subject-matter jurisdiction because it cannot review the decisions of other federal courts and because the complaint is frivolous. ECF 14-1 at 4–7. In addition, the government argues that Nwosu failed to exhaust her claim under the Federal Tort Claims Act. *Id.* at 7–8.

The Times and the government filed their motions on March 20, 2025, and June 12, 2025, respectively. ECF 8; ECF 14. The Court's local rules concerning dispositive motions state: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the Court may treat the motion as conceded." LCvR 7(b); *see also* Fed. R. Civ. P. 12(b). Nwosu did not file any responses before the relevant deadlines. In addition, the other Defendants—Harris, Meek, Yale, and Senator Van Hollen—have not made an appearance in this case, and it is not clear that Nwosu properly served them.

Consistent with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court entered an order on November 26, 2025, advising Nwosu of the consequences of failing to respond to a dispositive motion, ECF 15. The Court ordered Nwosu to respond to the motions to dismiss by December 29, 2025. *Id.* at 2. In doing so, it explicitly warned Nwosu that if she did not respond, "the Court will treat the [m]otions as conceded and, if the circumstances warrant, enter judgment against Nwosu." *Id.* The Court also ordered Nwosu to submit a status report "explain[ing] how and provid[ing] evidence that Nwosu properly served all Defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure." *Id.* at 2–3. The Clerk of Court mailed this order to Nwosu's address of record. But Nwosu never responded or filed anything else on the docket.

Accordingly, the Court grants The New York Times's and the government's motions to dismiss. ECF 8; ECF 14. Among other warnings, the Court previously explained that "fail[ing] to respond . . . may result in the district court granting the motion and dismissing the case." ECF 15 at 2 (quoting *Fox*, 837 F.2d at 509). The Court therefore treats Nwosu's lack of response as conceding the bases for dismissal raised in the motions to dismiss, and it dismisses the claims against those Defendants. *See* LCvR 7(b); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294–95 (D.C. Cir. 2004) (upholding "such a straightforward application of Local Rule 7(b)"). That the pleading deficiencies identified in the motions appear meritorious, especially in pointing out how Nwosu's complaint makes conclusory statements without the requisite factual support needed to state a plausible claim, *see* ECF 8-2 at 2–6; ECF 14-1 at 2–7, further confirms that dismissal is appropriate.

Nwosu's failure to comply with the portion of the Court's order requiring her to explain the status of service and compliance with Federal Rule 4 regarding the other Defendants prompts the Court to dismiss her claims against them as well. "[I]n view of the entire procedural history of the case," the Court finds that Nwosu "has not manifested reasonable diligence in pursuing" her claims. *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). Nwosu has not filed anything with the Court since March 12, 2025, ECF 6, and she ignored an order of the Court that attempted to facilitate progress in the case and warned that dismissal could result if she did not respond, ECF 15. The Court accordingly dismisses this case in its entirety under Federal Rule 41(b) for failure to prosecute.[1]  *See Bomate*, 761 F.2d at 714; *see also Peterson v. Archstone*

---

[1] The Court denies Nwosu's motion for summary judgment, ECF 3, as part of this dismissal. She has not prosecuted the motion in any way since filing it. And the motion was defective from the onset. In violation of Local Rule 7(a) and Federal Rule 56(c), it contains no citations to legal authority or record evidence. Moreover, "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the [non-moving

*Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order."). In keeping with the "default rule" in this District, the Rule 41(b) dismissal shall be without prejudice. *Robinson v. Hemingway*, No. 22-cv-1569, 2023 WL 8369934, at *2 (D.D.C. 2023) (citing LCvR 83.23).

For the foregoing reasons, the Court grants The New York Times's and the government's motions to dismiss, ECF 8; ECF 14; denies Nwosu's motion for summary judgment, ECF 3; and dismisses this case without prejudice. A Judgment will be entered contemporaneously with this Order. This is a final appealable Order.

DATE: February 13, 2026

CARL J. NICHOLS
United States District Judge

---

party] has no evidence to prove his case." *Grimes v. District of Columbia*, 794 F.3d 83, 93 (D.C. Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring)).